1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Cassaundra King,                    )    CV 12-00441-PHX-FJM
                                          )
10              Plaintiff,                )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     CAE Inc.; CAE Global Academy Phoenix )
13   Inc.,                                )
                                          )
14              Defendants.               )
                                          )
15   _____  )

16

17          We have before us defendant CAE Inc.'s ("CAE") motion to dismiss (doc. 18),

18   plaintiff's response (doc. 20), and CAE's reply (doc. 21).

                                          **I**
19

20          Plaintiff worked as a flight instructor at CAE Global Academy Phoenix. CAE Global

21   Academy Phoenix is a wholly-owned subsidiary of CAE, a Canadian corporation.[1]   In

     November 2011, plaintiff reported that one of her co-workers was harassing and stalking her.
22
     Plaintiff filed a charge of sex discrimination and retaliation against defendants with the Equal
23
     Employment Opportunity Commission in January 2012.  Her employment was terminated
24
     on February 14, 2012.
25

26

27          [1] CAE USA, Inc., another subsidiary of CAE (and a non-party to this litigation), is
     registered in the state of New York and has designated CT Corporation System as its
28   registered agent.  See Mot. to Dismiss, ex. A.

1    Plaintiff filed this action on March 2, 2012, and amended her complaint on March 26,

2    2012 (doc. 8).  Both the original and amended complaints name CAE as a defendant.  The

3    amended complaint asserts three counts for (1) sexual harassment in violation of Title VII;

4    (2) retaliation in violation of Title VII; and (3) invasion of privacy.  Plaintiff filed a return

5    of service on April 5, 2012, asserting that CAE's registered agent, CT Corporation System

6    ("CT"), was served at its New York office on March 30, 2012 (doc. 11).

7                                            **II**

8    CAE first moves to dismiss the complaint pursuant to Rule 12(b)(5), Fed. R. Civ. P.

9    for insufficient service of process.  It argues that plaintiff did not properly serve it, because

10   CT was not authorized to receive service of process on its behalf.

11   We do not have jurisdiction over a defendant unless that defendant is served properly

12   pursuant to Rule 4, Fed. R. Civ. P.  Direct Mail Specialists, Inc. v. Eclat Computerized

13   Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also SEC v. Ross, 504 F.3d 1130, 1138-

14   39 (9th Cir. 2007) ("in the absence of proper service of process, the district court has no

15   power to render any judgment against the defendant's person or property unless the defendant

16   has consented to jurisdiction or waived the lack of process").  Although Rule 4 should be

17   "liberally construed," absent substantial compliance with the rule, neither naming the

18   defendant in the complaint nor actual notice of the complaint will confer this court with

19   personal jurisdiction over a defendant.  Direct Mail, 840 F.2d at 688 (citation omitted);

20   United Van Lines, LLC v. Plains Med. Ctr., Inc., CV10-8212-PCT-JAT, 2011 WL 3684516,

21   at *1 (D. Ariz. Aug. 23, 2011).

22   A corporation can be served within the United States either by "delivering a copy of

23   the summons and of the complaint to an officer, a managing or general agent, or any other

24   agent authorized by appointment or by law to receive service of process," or by following

25   state law in either the state where the district court is located or where service is completed.

26   Fed. R. Civ. P. 4(h)(1).  Plaintiff argues that delivery of the amended complaint and

27   summons to CT was sufficient to serve CAE, because CAE's Securities and Exchange

28   Commission ("SEC") filings list CT as CAE's agent for service of process.  To reach this

1   conclusion, plaintiff looked to CAE's Form 40-F, filed with the SEC.  See Response, ex. 6.

2   In this form, under a section titled "Consent to Service of Process," CAE notes that it has

3   "previously filed with the [SEC] a Form F-X."  Response, ex. 6 at 6.  Form F-X lists CT as

4   the agent for service of process for

> [a]ny civil suit or action brought against [CAE]. . . where the investigation,
> proceeding or cause of action arises out of or relates to or concerns any
> offering made or purported to be made in connection with the securities
> registered or qualified by [CAE] on Form F-10, or any purchases or sales of
> any security in connection therewith.

8   Reply, ex. D at 1-2.  Because this action concerns allegations of sexual harassment,

9   retaliation, and invasion of privacy - not securities - Form F-X does not expressly designate

10  CT as CAE's agent to receive service of process for civil actions unrelated to CAE securities.

11      Alternatively, plaintiff argues that CT's authority to accept service can be implied in

12  fact.  In considering whether implied authority exists, we look to facts evidencing an act of

13  the principal that could lead to a conclusion that an agent has authority to accept service of

14  process on the principal's behalf.  See In re Focus Media Inc., 387 F.3d 1077, 1082-84 (9th

15  Cir. 2004) (concluding, under the facts of that case, that attorney could be viewed as

16  impliedly authorized to accept service of process on client's behalf).  Pointing to the SEC

17  filings, plaintiff argues that "CAE has represented to the public that CT [] had the authority

18  to accept service."  Response at 17.  The language in the SEC filings, however, is narrow.

19  Because the SEC filings only appoint CT as CAE's agent for actions "aris[ing] out of or

20  relat[ing] to or concern[ing] any offering made or purported to be made in connection with

21  the securities registered or qualified by [CAE] on Form F-10, or any purchases or sales of

22  any security," Reply, ex. D at 2, it is not reasonable to conclude from a reading of Form F-X

23  that CT is authorized to accept service for plaintiff's Title VII and invasion of privacy claims.

24  See Stormhale, Inc. v. Baidu.com, Inc., 675 F. Supp. 2d. 373, 375 (S.D.N.Y. 2009) (service

25  on CT insufficient because defendant only appointed CT as its agent for service of process

26  for securities matters).  Plaintiff has not pointed to any other documentation to show that

27  CAE has appointed CT as its agent to receive service of process for general litigation matters.

28  Accordingly, plaintiff has not met her burden of showing that CAE was properly served

- 3 -

1   under Rule 4(h)(1)(B), Fed. R. Civ. P.

2       The parties did not address whether CAE was properly served under either Arizona
3   or New York law pursuant to Rule 4(h)(1)(A), Fed. R. Civ. P.  We conclude that it was not.
4   In Arizona, service on a corporation located outside Arizona but within the United States
5   must be made according to Rule 4.1(k), Ariz. R. Civ. P.  See Ariz. R. Civ. P. 4.2(h).  Service
6   is accomplished by "delivering a copy of the summons and of the pleading to a partner, an
7   officer, a managing or general agent, or to any other agent authorized by appointment or by
8   law to receive service of process."  Id. 4.1(k).  Service may still be proper if made on "an
9   agent that the principal knowingly or negligently held out as possessing the authority to
10  receive service or process."  Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc., CV-
11  05-03469-PHX-SMM, 2006 WL 1722314, at *5 (D. Ariz. June 22, 2006) (citing Koven v.
12  Saberdyne Sys., Inc., 128 Ariz. 318, 322, 625 P.2d 907, 911 (Ct. App. 1980)).  As discussed
13  above, CT is not authorized to receive service of process on behalf of CAE.  Moreover, as
14  discussed above, we do not find that CAE knowingly or negligently held CT out as its agent
15  for non-securities related litigation.  Accordingly, plaintiff did not properly serve CAE under
16  Arizona law.

17      In New York, a foreign corporation can be served by delivering a copy of the
18  summons and complaint to "an officer, director, managing or general agent, or cashier or
19  assistant cashier or to any other agent authorized by appointment or by law to receive
20  service."  TAGC Mgmt., LLC v. Lehman, __ F. Supp. 2d. __, 2012 WL 280739, at *6
21  (S.D.N.Y. 2012) (citing CPLR § 311(a)).  In addition, if a foreign corporation is not
22  authorized to do business in New York, but would be subject to personal jurisdiction in New
23  York courts, the Secretary of State can be served as the corporation's agent.  Id. at *7.
24  Because CT is not authorized to receive service of process on behalf of CAE, and because
25  plaintiff has not offered any evidence that she served the Secretary of State, plaintiff did not
26  properly serve CAE under New York law.

27      In sum, we find that plaintiff did not comply with Rule 4, Fed. R. Civ. P.  Moreover,
28  we find plaintiff's sole attempt to serve CAE did not substantially comply with the rule.  CAE

1   alternatively moves to dismiss pursuant to Rule 12(b)(2), Fed. R. Civ. P. for lack of personal

2   jurisdiction.  We do not reach this question today, as plaintiff's failure to properly serve CAE

3   means that we undoubtedly lack jurisdiction over CAE.  <u>See</u> <u>Direct Mail</u>, 840 F.2d at 688.

4         Having found that service of process was insufficient, we have discretion to either

5   dismiss without prejudice or to quash service of process.  <u>Grand Canyon Resort</u>, 2006 WL

6   1722314 at *7.  We conclude that the most efficient course of action is to quash service of

7   process and provide plaintiff with the opportunity to properly serve CAE.  <u>See</u> Fed. R. Civ.

8   P. 4(m).  If CAE is not properly served within the time specified below, it will be dismissed

9   from this action.

10   ### III

11         **IT IS ORDERED GRANTING** CAE Inc.'s motion to dismiss and **QUASHING**

12   service of process on CAE Inc. (doc. 18).  Plaintiff shall have up to and including August 6,

13   2012 to properly serve CAE Inc. and file a return of service.  Otherwise, this action will be

14   dismissed against CAE Inc. without prejudice.

15         DATED this 13th day of July, 2012.

16

17   _____

18   Frederick J. Martone
     United States District Judge

19

20

21

22

23

24

25

26

27

28